# MUNICIPAL COURT.

## BOSTON, 1824.

*The Commonwealth,*
       v.           } LARCENY.
*Richard Wentworth* and
   *Thomas Daly.*

Present—Hon. *P. O. Thacher.*

Constructive larceny.

The prisoners were tried on two indictments for larceny —one for stealing a silver watch and $2 50 in money, from Simon Glines; the other for stealing a surtout coat and $2 50 in silver change, from Joseph Whittier.

The prosecutors were young men without experience, who had lately come to this city, from the country, to seek employment. The defendants were accociates in iniquity, well known on West Boston Hill; had been before convicted in this court of like offences, and had suffered the penal consequences of ther guilt. Pretending to be strangers to each other, they prevailed on Glines and Whittier, in succession, to join them at the gaming table, where Daly, pretending to bet against Wentworth, persuaded them to join in the bet, at a game which was called the Ladies' Game. They were soon stripped of their property, but Daly immediately afterwards was seen in possession of a coat, which he apparently lost at the time. The game is played with cards, but at which the knowing ones never play with each other. It is their practice for two to combine together, to entrap and defraud a third, who is ignorant and unsuspicious of the fraud. The chance is entirely in favour of the person who holds the cards.

The judge instructed the jury, that to constitute the

BOSTON,
1824.

Com'wealth
v.
Wentworth
and Daly.

crime of larceny, the property must be taken fraudulently, and against the will of the owner. If the prosecutors agreed to play with the prisoners, and lost their property fairly at the game, they must be left to seek redress for their loss in a civil action, and the prisoners must be acquitted. But if the jury believed from the evidence, that the prisoners were confederated together, to deceive these ignorant young men, and that the game was a fraudulent plan to obtain their property; the delivery of the property by Glines and Whittier was not to be deemed voluntary on their part, and the taking it by the prisoners under such circumstances, was a felony.

The jury found the defendants guilty, and they were severally sentenced to suffer twenty days solitary imprisonment, and two years hard labour in the State Prison.

NOTE. It is often extremely difficult to draw the line of distinction according to a settled rule, between cases of constructive larceny and obtaining money upon false pretences. The colouring and shades of these crimes seem to run into each other. Where it is at all doubtful whether the crime charged is larceny or not, a conviction can be had in most cases for a misdemeanor at common law, or under the statutes of false pretences. The above case is no doubt supported by a number of English and American decisions. For example, in Pear's case, Leach. 353. it was decided that if a person obtain a horse, under pretence of hiring it for a day, and immediately sells it, the delivery of it to him by the owner, for that specific purpose, does not change *the posession;* and therefore, if the original hiring by the prisoner was with intent to steal it, he is guilty of larceny.

Patch's case, Leach, 273. The prisoner and two others had joined company with the prosecutor in the streets, and after walking a short space. one of them stooped down and picked up a purse, which upon inspection was found to contain a ring and receipt for £147, purporting to be the receipt of a jeweller for a rich brilliant diamond ring, and the prisoner proposed that they should go into a house and consider how they should divide the prize, which was assented to; and when there the prisoner asked the prosecutor, if he would take the ring, and deposit his money and watch as security, to return on receiving his portion of the value, to which he agreed, and signed a written agreement to that purpose, and that the prosecutor accordingly laid his watch and money on the table, and received the ring; then the prisoner beckoned the prosecutor out of the room, under pretence of

speaking to him in private, and that during that interval, the other two men went off with the property. The court, upon the authority of Pear's case, directed the jury to consider whether the whole transaction was not an artful and preconcerted scheme in the three men, feloniously to obtain the prisoner's watch and money; and the jury found him guilty. See Stone's case, New York Gen. Ses. Oct. 1817. 2 City H. R. p. 157. (See vol. 1. tit. Constructive Larceny.) But in the case of the King v. Nicholson et als. Leach, 698. it was held that if a person be induced to play at hiding under the hat, and stake down his money voluntarily on the event, meaning to receive the stake if he wins, and to pay if he loses, that on his losing, the winner taking up the stakes so deposited on the table, is not guilty of larceny, although the jury find that the whole was a fraudulent contrivance and conspiracy to get possession of the prosecutor's money.